IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**BARBARA BROWN, individually
and as parent of M.B., a minor,**

   **Plaintiff,**

v.                          Civ. No. 02-1305 JP/KBM

**BOARD OF EDUCATION OF THE
HOBBS PUBLIC SCHOOLS,**

   **Defendant.**

---

**M.B., a minor, by and through her parent
and next friend, BARBARA BROWN,**

   **Plaintiff,**

v.                          Civ. No. 03-128 JP/WDS

**HOBBS MUNICIPAL SCHOOL DISTRICT,
the BOARD OF EDUCATION for the
HOBBS MUNICIPAL SCHOOL DISTRICT,
STAN ROUNDS in his official capacity as the
Superintendent of the Hobbs Municipal School
District, and PEGGY APPLETON, individually
and in her official capacity as the Special
Education Director of the Hobbs Public Schools,**

   **Defendants.**

## MEMORANDUM OPINION AND ORDER

  On October 16, 2002, Plaintiff Barbara Brown, as parent of Meghan Brown ("M.B."),

filed suit against Defendant Board of Education of the Hobbs Public Schools (the "District") in

No. Civ. 02-1305 JP/KBM (hereinafter "Brown 1") for attorneys' fees and costs under the

Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). On December 10, 2002, the District filed a Motion to Dismiss (Brown 1, Doc. No. 2) on the grounds that Plaintiff's claim is not ripe for review and that Plaintiff is not a prevailing party. That same day, Plaintiff filed a Motion for Default Judgment (Brown 1, Doc. No. 6) based on the District's failure to file a timely answer. On December 11, 2002, the Clerk of the Court filed an Entry of Default in Brown 1 (Brown 1, Doc. No. 7). On December 17, 2002, the District filed a Motion to Set Aside Default Judgment (Brown 1, Doc. No. 10). On January 10, 2003, Plaintiff filed a Motion for Rule 11 Sanctions Against Defendant's Counsel (Brown 1, Doc. No. 14).

On January 28, 2003, Plaintiff M.B., by and through her parent Barbara Brown, brought suit against Defendants Hobbs Municipal School District; the Board of Education of the Hobbs Municipal School District; Stan Rounds, in his official capacity as the Superintendent of the Hobbs Municipal School District; and Peggy Appleton, individually and in her official capacity as the Special Education Director of the Hobbs Public Schools (collectively, the "School Defendants") in No. Civ. 03-128 JP/WDS (hereinafter "Brown 2"). In Brown 2, Plaintiff alleged violations of the IDEA, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. On February 25, 2003, Plaintiff filed motions to consolidate Brown 2 with Brown 1 (Brown 1, Doc. No. 20; Brown 2, Doc. No. 2). Additionally, on March 25, 2003, Plaintiff filed a Motion for Default Judgment in Brown 2 (Brown 2, Doc. No. 5).

Having considered all the briefs and the relevant law, the Court will grant the District's motion to set aside the entry of default in Brown 1; deny Plaintiff's motions for default judgment in Brown 1 and Brown 2; deny the District's motion to dismiss Brown 1; grant Plaintiff's motions to consolidate Brown 2 with Brown 1; and deny Plaintiff's motion for Rule 11 sanctions.

**Background**

M.B., a minor, has been a student in the Hobbs Municipal Schools since she was in kindergarten. M.B. has a history of mental illness and falls within the special education category of "emotionally disturbed." Pl.'s Complaint (Brown 1, Doc. No. 1) at 1. On or around September 20, 2000, M.B. was placed in the TABS program, a highly structured behavioral program, at Jefferson Elementary School. In response to escalating violent behavior by M.B., Barbara Brown, M.B.'s mother, requested an individualized education program for M.B. After repeated requests, the District began efforts to create such an individualized education program for M.B. during the 2001-2002 school year. On March 19, 2002, Ms. Brown filed a due process complaint with the New Mexico State Department of Education on behalf of her daughter, claiming that the District failed to provide a Free Appropriate Public Education ("FAPE") to M.B. during the 2001-2002 school year in violation of the IDEA, 20 U.S.C. §§ 1400 to 1487.

On June 13, 2002, the State Department of Education appointed an Impartial Due Process Hearing Officer ("IHO") to hear evidence and issue a decision on Plaintiff's IDEA claims. Following a hearing on Plaintiff's claims, the IHO issued a decision upholding the actions of the District in part and finding a denial of a FAPE for the period of November 15, 2001, to December 15, 2001. The IHO also ordered the District to secure the services of a psychologist to assist in the development of M.B.'s behavior intervention plan and to pay any costs not covered by Medicaid that the parent would incur for psychological or counseling services provided outside the school. Both parties sought reconsideration of the decision, but the IHO denied their requests on September 16, 2002.

On October 16, 2002, Plaintiff filed a complaint in this Court against the District for attorneys' fees under the IDEA based on the IHO's decision. Under the IDEA, a party may file an appeal of a hearing officer's decision to a review officer within 30 days of the decision. 34 C.F.R. § 300.510; N.M. Admin. Code tit. 6, §31.2.13(I)(16)(b) (2000). Although the time had not yet run for either party to appeal the IHO's decision, Plaintiff felt compelled to file her complaint for attorneys' fees because defense counsel, in another case then pending before the Honorable Bruce D. Black, had argued for a 30-day statute of limitations for filing complaints for attorneys' fees. Defense counsel argued that the proposed 30-day statute of limitations should begin to run on the date of the hearing officer's decision. Even though Judge Black had not ruled on the statute of limitations issue, Plaintiff, in an abundance of caution, filed her attorneys' fees suit against the District on October 16, 2002, within 30 days of the IHO's decision, in order to avoid any possible statute of limitations defense. That same day, the District filed an appeal of the IHO's decision to the Administrative Review Officer ("RO").

The District's appeal challenged the following portions of the IHO's ruling: (1) the finding of a denial of FAPE during the November 15 to December 15, 2001 period; (2) the order to include a psychologist in the Individualized Education Program Team; and (3) the order to pay any costs not covered by Medicaid for psychological or counseling services provided outside school. On December 26, 2002, the RO issued a decision finding that the District did not have to (1) provide M.B. with one month of compensatory education, (2) consult with a licensed psychologist in the development of M.B.'s individualized education plan, or (3) pay for individual services not covered by Medicaid.

On November 6, 2002, while the appeal to the RO was still pending, Plaintiff served the District with a copy of Plaintiff's complaint for attorneys' fees. In lieu of an answer, the District served Plaintiff with its motion to dismiss on November 22, 2002. The District neglected to concurrently file its motion to dismiss because it was under the mistaken belief that the local motion package rule continued to be in effect.[1] On December 9, 2002, Plaintiff filed a response (Brown 1, Doc. No. 8) to the District's motion to dismiss. The next day, on December 10, 2002, Plaintiff filed a Motion for Default Judgment (Brown 1, Doc. No. 6). That same day, the District filed its Motion to Dismiss (Brown 1, Doc. No. 2). On December 11, 2002, the Clerk of the Court filed an Entry of Default in Brown 1 (Brown 1, Doc. No. 7). On December 17, 2002, the District filed a Motion to Set Aside Default Judgment (Brown 1, Doc. No. 10).

On January 10, 2003, Plaintiff filed a Motion for Rule 11 Sanctions Against Defendant's Counsel (Brown 1, Doc. No. 14), asserting that particular arguments in the District's Memorandum in Support of its Motion to Dismiss were frivolous.

On January 28, 2003, after the RO issued its December 26, 2003 decision, Plaintiff filed her complaint in Brown 2 against the School Defendants alleging violations of the IDEA, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. On February 25, 2003, Plaintiff filed motions to consolidate Brown 2 with Brown 1. Plaintiff served the School Defendants with a copy of the complaint in Brown 2 on February 28, 2003. On March 25, 2003, Plaintiff filed a Praecipe requesting the Clerk of the Court to issue an entry of default (Brown 2,

---

[1] The former motion package rule, D.N.M.LR-Civ 7.3(a)(1) - (5), was repealed effective July 1, 2002. That rule required that a motion, response, and reply be filed at the same time.

5

Doc. No. 4) and a Motion for Default Judgment (Brown 2, Doc. No. 5). Three days later, on March 28, 2003, the School Defendants filed their Answer in Brown 2 (Brown 2, Doc. No. 10).

**Motions for Default Judgment and Motion to Set Aside Entry of Default**

Plaintiff moves for a default judgment in both Brown 1 and Brown 2 based on the failure of the District and the School Defendants to file a responsive pleading within 20 days of service of the summons and complaint as required by FED. R. CIV. P. 12(a)(1)(A). The District and the School Defendants argue that Plaintiff's motions for default judgment should be denied because the District and School Defendants had good cause for their respective failures to timely respond. Moreover, the District contends that the Clerk's entry of default in Brown 1 against the District should be set aside.

FED. R. CIV. P. 55 sets out a two-step process for a party seeking a default judgment. First, a party must obtain the clerk's entry of default against the opposing party. The clerk will issue an entry of default when the moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Second, the party must move the Court to enter a default judgment. FED. R. CIV. P. 55(b). The trial court is given broad discretion in deciding whether to enter a default judgment. See Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

Furthermore, the rules permit the Court to set aside the clerk's entry of default for "good cause shown." FED. R. CIV. P. 55(c). The good cause required under Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect standard of Rule 60(b). Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). The principal factors in determining whether a defaulting party has met the good cause standard

are (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default is set aside, and (3) whether defendant has presented a meritorious defense. Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). These factors are not talismanic and a court may consider other factors. Id. Alternatively, a court need not consider all the factors. Id. However, the preferred disposition of a case is on its merits. Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

In regard to the District's Motion to Set Aside Default Judgment in Brown 1, the Court finds that the District has shown good cause based on all three of the above factors. As to the first factor, generally a defendant's conduct is considered culpable if the defendant has defaulted willfully or has no excuse for the default. U.S. v. Timbers Preserve, Routt County, Colo., 999 F.2d 452, 454 (10th Cir. 1993). Here, the District served Plaintiff with a copy of the District's motion to dismiss within the 20 days required by Rule 12. The District, however, failed to file its motion because it was under the mistaken belief that the motion package rule still applied. The District, thus, did not default willfully and has an excuse for the default. Secondly, Plaintiff will not be prejudiced if the entry of default is set aside. Plaintiff knew at the time she filed her motion for default judgment that the District intended to file a responsive pleading and that the District had, in fact, already served Plaintiff with a copy of its motion to dismiss. Moreover, the day prior to filing her Motion for Default Judgment, Plaintiff had filed a response to the District's as-yet-to-be-filed motion to dismiss. Plaintiff clearly knew that the District was defending against the claim. Plaintiff also knew or should have known that the only reason the District had not yet filed its motion to dismiss was because it was operating under the mistaken belief that the motion package rule was still in effect. Hence, Plaintiff will suffer no prejudice from setting aside the entry of

default.  Third, the District has presented a meritorious defense to Plaintiff's claims.  The District contends that Plaintiff's attorneys' fees claim is not ripe for review and that Plaintiff is not a prevailing party.  The Court determines that these arguments constitute a cognizable defense sufficient to satisfy the third factor.  See Jetcraft Corp. v. Banpais, S.A. De C.V., 166 F.R.D. 483, 486 (D. Kan. 1996) ("[W]here a showing of a meritorious defense is required under other rules, a showing of likely success on the merits is not required.  A defendant need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal quotations omitted).  Under these circumstances, the Court finds that the District has shown good cause to justify setting aside the Clerk's entry of default.  Thus, the Court will grant the District's Motion to Set Aside Default Judgment and will deny Plaintiff's Motion for Default Judgment in Brown 1.

As to Plaintiff's Motion for Default Judgment in Brown 2, Plaintiff served all the School Defendants with a copy of the complaint on February 28, 2003.  On March 25, 2003, after the 20-day deadline for filing a responsive pleading had passed, Plaintiff filed a Motion for Default Judgment.  On March 28, 2003, the School Defendants filed an answer.  The School Defendants' excuse for failing to file a timely responsive pleading is that "[t]here was some uncertainty as to who was going to provide a defense in the instant matter."  Defts.' Resp. (Brown 2, Doc. No. 14) at 1.

Although the School Defendants' reason for failing to file a timely answer is rather thin, the Court nevertheless determines that an entry of default judgment is not appropriate in this case. Default judgment is not proper where, as here, there is minimal prejudice to Plaintiff and there are disputable merits of Plaintiff's claim.  See Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11

8

(2d Cir. 1995) (upholding denial of default judgment in light of large sum at stake, disputable merits of claim, and lack of prejudice). At the time Plaintiff filed her motion for default judgment, the School Defendants were only five days late in filing a responsive pleading. After Plaintiff filed her motion for default judgment, the School Defendants promptly filed an answer. Plaintiff has not demonstrated any prejudice from the School Defendants' eight-day delay in filing an answer. Moreover, it is unclear at this point in the proceedings whether Plaintiff is entitled to relief based on the merits of her claims. Under these circumstances, and given the Tenth Circuit's preference to dispose of cases on their merits, the mere eight-day delay does not warrant a sanction as severe as default. See Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Default judgments, to be certain, are disfavored."); McCready v. Harrison, No. 02-3073, 2003 WL 21461755, at *3 (7th Cir. June 19, 2003) (holding that sanction as severe as default was not appropriate where defendants were only a couple of days late in filing responsive pleading); Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995) ("Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing."). Consequently, the Court concludes that Plaintiff's Motion for Default Judgment in Brown 2 should also be denied.[2]

---

[2]The Court feels compelled to note its displeasure with counsels' conduct in this case. Defense counsel failed to file a timely responsive pleading not once but twice. Defense counsel could have avoided many of the problems in this case and saved the Court's time and resources by adhering to the Federal Rules of Civil Procedure and the local rules. The Court advises defense counsel to exercise more diligence in the future, as the Court may not always find that counsel's delays were *de minimus* or not the result of dilatory tactics or bad faith. Likewise, a small act of professional courtesy on Plaintiff's counsel's part in Brown 1 in making a simple call to opposing counsel informing her of her mistake as to the motion package rule also could have saved the Court's time and resources.

**District's Motion to Dismiss and Plaintiff's Motions to Consolidate**

On December 10, 2002, the District filed a Motion to Dismiss in Brown I on the basis that Plaintiff's attorneys' fees claim is not yet ripe for review and that Plaintiff is not a prevailing party. On February 25, 2003, Plaintiff filed motions to consolidate Brown 2 with Brown 1. The District's sole argument against consolidation is that the District's Motion to Dismiss in Brown 1 should be granted, eliminating the need for consolidation.

In deciding whether to consolidate cases, a court should initially determine if the pending actions involve a common question of law or fact. FED. R. CIV. P. 42(a). If the actions involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause. Servants of Paraclete, Inc. v. Great American Ins. Co., 866 F.Supp. 1560, 1572 (D.N.M. 1994). The determination of a motion to consolidate is within the trial court's discretion. Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978).

These cases clearly involve common questions of law and fact: Brown 1 is a suit for attorneys' fees under IDEA based on the IHO's decision, portions of which were allegedly favorable to Plaintiff; and Brown 2 is an appeal by the same Plaintiff of the RO's decision that overturned the portions of the IHO's ruling that were favorable to Plaintiff. The Court finds that consolidation of these two cases would avoid unnecessary costs or delay, and thus, the interests of judicial convenience weigh heavily in favor of consolidation.

As to the District's Motion to Dismiss Brown 1, the Court is not inclined to grant the motion at this time. Instead, the Court will defer a decision until it has made a ruling on the merits of Plaintiff's appeal of the RO decision. Depending upon the outcome of the Court's

decision on the merits, the attorneys' fees issues will likely arise again. Moreover, an award of attorneys' fees is based upon whether the Plaintiff is a prevailing party. The Court considering the underlying merits of the claims is in the best position to determine whether the Plaintiff prevailed. Hence, dismissing the attorneys' fees claim at this time will only result in a duplication of efforts later. For these reasons, the Court believes that the most just resolution is to deny the District's Motion to Dismiss at this time, grant Plaintiff's motions to consolidate, and determine Plaintiff's attorneys' fees claim after ruling on the merits of Plaintiff's appeal of the RO decision. Once the Court issues a decision on the merits of Plaintiff's appeal, the Court will decide whether to allow Plaintiff an opportunity to amend her complaint for attorneys' fees accordingly.

### Plaintiff's Motion for Rule 11 Sanctions

Plaintiff moves for Rule 11 sanctions against the District on the grounds that the following arguments made by the District in support of its motion to dismiss are frivolous: (1) the award of attorneys' fees would provide Plaintiff's counsel with an unwarranted windfall; and (2) the record does not show that the case would have been abandoned for lack of competent counsel. The District contends that its arguments are supported by analogous 42 U.S.C. § 1988 cases, which have held that attorneys' fees may be denied under § 1988 where special circumstances exist, such as when the case is strong enough to attract competent counsel without the promise of statutory fees.

Rule 11 requires a party's attorney who signs a pleading to certify that all of "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension . . . of existing law." FED. R. CIV. P. 11(b)(2). A party may seek Rule 11 sanctions for a filing that contains both frivolous and nonfrivolous arguments. Patterson

v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) ("Rule 11 does not prevent the imposition of sanctions where it is shown that the Rule was violated as to a portion of a pleading, even though it was not violated as to other portions."). The Tenth Circuit "has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." White v. General Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990). The test under Rule 11 is whether a reasonable attorney would file such a document. Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988). The Tenth Circuit has cautioned, however, that Rule 11 should not be used to discourage advocacy and challenges to existing law. White, 908 F.2d at 683. In making a determination of frivolousness, a court must resolve all ambiguities in favor of the filing party. 3 Moore's Federal Practice, § 11.11[5] (3d ed. 2002) (citing Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986)). Sanctions should only be imposed for pursuing an incorrect legal theory in egregious cases. Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990).

Plaintiff requests Rule 11 sanctions against the District for the District's position that, assuming Plaintiff is deemed a prevailing party, an award of attorneys' fees would work an injustice because the case would not have been abandoned for lack of competent counsel. The District bases its argument on § 1988 cases that have held that if the Court finds that the merits of a case are strong and the probable damage award high, then local counsel would be easily obtained due to the prospect of a significant contingency fee, and thus an award of attorneys' fees would not further the statutory purpose. Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001); Sulkowska v. City of New York, 170 F.Supp.2d 359, 364 n.2 (S.D.N.Y. 2001); see also Love v. Mayor, City of Cheyenne, Wyo., 620 F.2d 235, 236 (10th Cir. 1980) (holding that a prevailing party in a civil rights action is ordinarily entitled to reasonable attorney's fees unless special

12

circumstances would render such an award unjust).  Although Plaintiff's attorneys' fees claim is brought under IDEA and not under § 1988, the Court does not agree with Plaintiff's contention that § 1988 cases are wholly irrelevant, especially given Plaintiff's own reliance on analogous § 1988 cases.  See Pl.'s Mem. (Doc. No. 15) at 2-3.  Rather, the Court interprets the District's reliance on § 1988 cases as an argument for the extension of existing § 1988 case law on the special circumstances exception to the IDEA attorneys' fees statute.  Nevertheless, while acknowledging the potential relevance of § 1988 cases, the Court must admit that it has difficulty seeing how the special circumstances exception would apply in this case.  The District itself argues that Plaintiff should not recover on the merits of her IDEA claim.  Moreover, any potential damage award here could not be considered high.  Even the IHO, who granted some relief to Plaintiff, only awarded Plaintiff damages for costs for psychological or counseling services.  The Court is thus doubtful that the District would ultimately prevail on this argument.  However, given the § 1988 case law outlining the special circumstances exception, the Court is unwilling to find that the District's contention is utterly frivolous and without merit warranting Rule 11 sanctions.  Therefore, Plaintiff's motion for Rule 11 sanctions should be denied.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Motion for Default Judgment in No. Civ. 02-1305 JP/KBM (Doc. No. 6) is DENIED;

    2.    Plaintiff's Motion for Default Judgment in No. Civ. 03-128 JP/WDS (Doc. No. 5) is DENIED;

    3.    Defendant's Motion to Set Aside Default Judgment in No. Civ. 02-1305 JP/KBM (Doc. No. 10) is GRANTED;

    4.    Defendant's Motion to Dismiss in No. Civ. 02-1305 JP/KBM (Doc. No. 2) is DENIED at this time;

    5.    Plaintiff's Motion to Consolidate in No. Civ. 02-1305 JP/KBM (Doc. No. 20) and Plaintiff's Motion to Consolidate in No. Civ. 03-128 JP/WDS (Doc. No. 2) are GRANTED. No. Civ. 02-1305 JP/KBM and No. Civ. 03-128 JP/WDS are consolidated. No. Civ. 02-1305 JP/KBM is the lead case. All future filings in No. Civ. 03-128 JP/WDS will be filed in No. Civ. 02-1305 JP/KBM; and

    6.    Plaintiff's Motion for Rule 11 Sanctions Against Defendant's Counsel in No. Civ. 02-1305 JP/KBM (Doc. No. 14) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE