IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA BROWN, individually and
as parent of M.B., a minor, and M.B.,

       Plaintiffs,

vs.                                              No. CIV 02-1305   JB/KBM
                                               consolidated with
                                             No. CIV 03-0128   JB/KBM

The HOBBS MUNICIPAL SCHOOL DISTRICT,
the BOARD OF EDUCATION for the HOBBS
MUNICIPAL SCHOOL DISTRICT,
STAN ROUNDS in his official capacity as the
Superintendent of the Hobbs Municipal School
District and PEGGY APPLETON, individually
and in her official capacity as the Special Education
Director of the Hobbs Public Schools,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss Certain

Claims, filed November 6, 2003 (Doc. 48).  The primary issue is whether the Plaintiffs have failed to

exhaust their administrative remedies with respect to some of their claims.  Because the Court finds

that the Plaintiffs have not exhausted their available administrative remedies as to the claims related

to the 2000-2001 school year, the Court will grant the Defendants' motion in part and dismiss all

claims related to the 2000-2001 school year without prejudice.  With respect to the claims related to

the 2001-2002 school year, the Court finds that the Plaintiffs exhausted their administrative remedies

and will deny the motion to dismiss.

## BACKGROUND

Plaintiff M.B. is a student receiving special education services in the Hobbs Municipal School

District.  On March 21, 2002, Barbara Brown, on behalf of her daughter, M.B., filed a request for a Due Process Hearing with the State Department of Education.  See Due Process Hearing Request (filed March 21, 2002).  The Individuals with Disabilities Education Act ("IDEA") provides such hearings to challenge decisions made by local school officials as to the appropriateness of services to children with disabilities.  See 20 U.S.C. § 1415(b).

Brown drafted and filed this request through counsel experienced in special education litigation.  See Due Process Hearing Request.  A Due Process Hearing took place on July 17-19, 2002.  The Impartial Due Process Hearing Officer ("IHO") rendered her decision on August 15, 2002.  See Final Decision (entered August 15, 2002).

The District filed an appeal of the IHO's Final Decision.  The Administrative Appeal Officer ("AAO") rendered a decision on December 26, 2002.  On January 28, 2003, the Plaintiffs filed their Complaint alleging: (i) violation of the IDEA by failing to provide M.B. with a free appropriate public education ("FAPE") in the 2000-2001 and 2001-2002 school years; (ii) that the parent's notice to the District of claims and remedies was sufficient; (iii) violation of the Americans with Disabilities Act ("ADA"); and (iv) violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504").

The Defendants, Hobbs Municipal School District, the Board of Education for the Hobbs Municipal School District, Stan Rounds, and Peggy Appleton, filed this motion, pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss certain claims in the Plaintiffs' Complaint. The Defendants filed this motion pursuant to the Court's order made at the hearing on the Plaintiffs' Motion to Compel held on October 23, 2003.  As the Court instructed, the motion is limited to the argument that the Court should dismiss certain of the Plaintiffs' claims for failure to exhaust their administrative remedies.  The Defendants asserted other affirmative defenses in the Defendants'

Answer to Petitioners' Complaint filed with the Court on September 2, 2003.  Those affirmative defenses are not at issue in this motion.

In this motion, the Defendants argue that the Court should dismiss: (i) IDEA claims as to the 2000-2001 and 2001-2002 school years; (ii) the claim for violation of the ADA; and (iii) the claim for violation of § 504.  The Defendants contend that the ADA and § 504 claims are new claims that the Plaintiffs allege for the first time in their Complaint.  The Defendants argue that the Plaintiffs did not seek relief for these new claims through the due process hearing or through the administrative appeal.  The Defendants further argue that these claims are not appropriately before the Court and should be dismissed for failure to exhaust available administrative remedies under the IDEA.[1]

## LEGAL ANALYSIS

Under the circumstances of this case, the Plaintiffs are required to exhaust their administrative remedies before proceeding with an action in federal court.  In this action, the Plaintiffs seek monetary damages and other relief based on the denial of a free appropriate public education.  While the administrative proceedings below did not address each of the three separate statutory claims that Plaintiffs raise in this action, they did litigate or put at issue the facts that form the basis of each of those claims.  Accordingly, the Court will deny the motion to dismiss with respect to the 2001-2002 school year that was addressed in the administrative proceedings.  Because the hearing officer specifically did not decide issues with respect to the 2000-2001 school year, the Court will grant the motion to dismiss with respect to claims for that time period.

---

[1] The Plaintiffs' second stated claim, that Brown's notice to the District of claims and remedies was sufficient, is a request to overturn the AAO's decision and to enter a declaratory judgment in Brown's favor. This claim is not one that is subject to exhaustion of remedies, and therefore the parties do not address that claim in this motion.

I.      **CONGRESS INTENDED COMPLAINANTS TO USE THE DUE PROCESS HEARING PROCEDURE BEFORE FILING SUIT IN FEDERAL COURT.**

The IDEA does not accord parents the right to file suit in federal court to redress the denial of a free appropriate public education or other rights that the IDEA protects *ab initio*.  Rather, Congress created a detailed administrative scheme for aggrieved parents to pursue and to exhaust before filing a federal claim.  See Dellmuth v. Muth, 491 U.S. 223, 225 (1989).  The inclusion of this administrative process as a prerequisite to a civil action was purposeful, given "Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education."  Smith v. Robinson, 468 U.S. 992, 1012 (1984).[2]

The IDEA provides a scheme of procedural safeguards designed to protect parental rights to participate meaningfully in all decisions affecting their child's special education program.  The appropriate forum for a determination whether any violation has occurred is an "impartial due process hearing" conducted before an impartial hearing officer that the state selects.  20 U.S.C. § 1415(f).  The hearing officer must hold, and reach a final decision, not later than 45 days after the public agency receives a request for the hearing.  See 34 C.F.R. § 300.511.  The public agency mails a copy of the decision to each of the parties.  See id.

The hearing process affords complainants the following rights:

(1) Be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities;

---

[2] A congressional statute has superseded the decision in Smith v. Robinson concerning the award of attorney's fees to prevailing parents.  See 20 U.S.C. § 1415(i)(3).  Congress did not modify the decision's rulings regarding the exhaustion requirements.  See Fontenot v. Louisiana Bd. of Elementary & Secondary Educ., 805 F.2d 1222, 1223 (5th Cir. 1986).

(2) Present evidence and confront, cross-examine, and compel the attendance of witnesses;

(3) Prohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least 5 business days before the hearing;

(4) Obtain a written, or, at the option of the parents, electronic, verbatim record of the hearing; and

(5) Obtain written, or, at the option of the parents, electronic findings of fact and decisions.

34 C.F.R. § 300.509(a).  If the complainant is dissatisfied with the decision of the impartial hearing officer, he/she may appeal the decision to the State Department of Education.  See 20 U.S.C. § 1415(g); 34 C.F.R.§ 300.510.

The requirement that complainants exhaust their administrative remedies at the local and state level before filing suit under the IDEA, § 504, and the ADA is set forth in the IDEA at 20 U.S.C. § 1415(l), which provides in relevant part:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Section 1415(f)(1) provides:

Whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

Finally, § 1415(g) provides:

If the hearing required by subsection (f) of this section is conducted by a local

educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency. Such agency shall conduct an impartial review of such decision. The officer conducting such review shall make an independent decision upon completion of such review.

Under most circumstances, the United States Court of Appeals for the Tenth Circuit has interpreted this statute as precluding parents from seeking relief in federal court under the IDEA, ADA, or § 504 until they have exhausted their administrative remedies. See Padilla v. School Dist. No. 1 in the City & County of Denver, Colorado, 233 F.3d 1268, 1274 (10th Cir. 2000); Urban v. Jefferson County Sch. Dist. R-1, 89 F.3d 720, 724-25 (10th Cir. 1996); Hayes v. Unified Sch. Dist. No. 377, 877 F.2d 809, 813 (10th Cir. 1989). Exhaustion of administrative remedies is required if "the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." Padilla v. School Dist. No. 1, 233 F.3d at 1274. The Tenth Circuit has stated that discipline and in-class instruction are "inextricably intertwined," and held that "the discipline of a child in the classroom, including short-term suspensions and 'time-out' periods, is a matter that relates to the public education of a handicapped child and that therefore falls within the scope of the EHA [IDEA's predecessor]." Hayes v. Unified Sch. Dist. No. 377, 877 F.2d at 813. The exhaustion requirement is unnecessary only in narrow circumstances where the plaintiff alleges completely non-educational injuries. See id. ("Under these narrow circumstances, we fail to see how the IDEA's administrative remedies, oriented as they are to providing prospective educational benefits, could possibly begin to assuage Plaintiff's severe physical, and completely non-education, injuries.").

In this case, Brown alleges that the Defendants denied her daughter a free appropriate public education and discriminated against M.B. on the basis of her disability. She asserts that M.B. has

suffered emotional harm as a result of the Defendants' conduct and seeks money damages and prospective educational benefits in the form of compensatory education. Some of Brown's allegations relate to the manner in which the Defendants chose to discipline M.B. <u>See</u> Complaint ¶¶ 21-41, at 6-9.

When applied to the facts of this case, the <u>Hayes</u> and <u>Padilla</u> decisions may point in different directions. Under <u>Hayes</u>, the Defendants' decision to use a time-out room as a part of M.B.'s behavioral program is "inextricably intertwined" with the provision of a public education. <u>See Hayes v. Unified Sch. Dist. No. 377</u>, 877 F.2d at 813. Thus, the Plaintiffs should be required to exhaust their administrative remedies. <u>See id.</u> at 814. Under <u>Padilla</u>, however, it may be inappropriate to require the Plaintiffs to exhaust administrative remedies because the prospective educational benefits available under the IDEA's administrative procedures "could [not] possibly begin to assuage [M.B.'s] severe [emotional], and completely non-educational injuries." <u>Padilla v. School Dist. No. 1</u>, 233 F.3d at 1274.

While <u>Padilla</u> and <u>Hayes</u> may tend to point toward different results in this case, it does appear that the Tenth Circuit intended <u>Padilla</u> to address a very narrow category of claims that fall outside the scope of the IDEA. While it is not clear that the prospective educational benefits available under the IDEA's administrative procedures could adequately compensate M.B. for the emotional harm she allegedly suffered, the Plaintiffs have not alleged any physical injuries in this case. It is not this Court's role, as a district court, to extend the reach of the <u>Padilla</u> decision further than the Tenth Circuit chose to extend it. To extend the holding in <u>Padilla</u> to emotional injuries could effectively eliminate the exhaustion requirement. Any plaintiff who has allegedly been denied a free appropriate public education may also legitimately contend that he or she has suffered some associated emotional

harm.   Under the circumstances, the Court finds that the Plaintiffs are required to exhaust administrative remedies before proceeding with an action in federal court.

## II.    THE PLAINTIFFS MAY PURSUE CLAIMS FOR THE TIME PERIOD THAT THEY PLACED IN ISSUE DURING THE ADMINISTRATIVE PROCEEDINGS.

### A.    2000-2001 SCHOOL YEAR

The Plaintiffs do not attempt to argue that they have exhausted their administrative remedies with respect to the 2000-2001 school year.  The administrative record demonstrates that issues from that period of time were not addressed in the due process hearing and subsequent administrative appeal. The Due Process Hearing Request that the Plaintiffs filed does not contain allegations of IDEA violations concerning M.B.'s education that may have occurred during the 2000-2001 school year.  In her Final Decision, the IHO stated that the issues before her related to M.B.'s first grade year, from 2001 to 2002.  See Final Decision at 2.  Following her recitation of the Issues to be Determined, the IHO states: "Evidence of Student's prior school experiences was admitted for purposes of providing background and context, but not for purposes of evidencing any legal issues prior to Student's first-grade year."  Id. at 2.  In a footnote following this statement, the IHO notes: "Findings of fact dating before the Student's first-grade year are included for the purposes of historical background, context and clarification only."  Id. n.2.

None of the Issues to be Determined by the IHO relate to the 2000-2001 school year.  Those issues were not heard in the Due Process Hearing or reviewed by the AAO.  Those claims are thus not properly before the Court.  The Court does not have jurisdiction to hear any claims for which the Plaintiffs have not exhausted their administrative remedies.  The Court will therefore dismiss all claims arising from the 2000-2001 school year.

B.      2001-2002 SCHOOL YEAR

In considering the Plaintiffs' claim of violations of the IDEA during the 2001-2002 school year, it is significant that this time period includes the month for which the IHO awarded compensatory education. The AAO overturned this award, and that ruling is the subject of the Plaintiffs' second cause of action. The Defendants argue that the Plaintiffs have not exhausted any claims that the District violated the IDEA before January 2002 and that those claims are not properly before the Court. The Defendants ask the Court to dismiss those claims. Thus, the primary issue is whether the Court should dismiss the Plaintiffs' claims with respect to the Defendants' conduct during the first half of the 2001-2002 school year.

In their Due Process Hearing Request, the Plaintiffs state the reason for their request is that the Defendants have not offered M.B. an appropriate education in the least restrictive environment. They base this allegation on M.B.'s placement in homebound instruction beginning in January 2002. The only relief that they seek in the Request for a Due Process Hearing is M.B.'s return to the classroom and compensation for the time M.B. was in homebound instruction. The Due Process Hearing Request does not specifically contain allegations of violations or demands for relief as to programs or services provided during the first semester of the 2001-2002 school year.

The Due Process Hearing Request does, however, contain a historical reference that places the Defendants' pre-January 2002 conduct at issue. The Request states that Dr. Jude Pardee's mid-January 2002 evaluation of M.B. was prompted by the fact that M.B.'s prior Behavioral Intervention Plan ("BIP") "did not work for [M.B.]; in fact, her behaviors increased in severity[.]" Due Process Hearing Request at 1. The IHO considered the Defendants' alleged failure to sufficiently or consistently use alternative interventions to time-out as an issue to be determined in the administrative

-9-

proceeding.  See Final Decision, Issues to be Determined ¶ 4, at 2.  It is also noteworthy that the IHO explicitly stated that she was not deciding legal issues with respect to the 2000-2001 school year. The IHO did not make a similar exclusion with respect to the first half of the 2001-2002 school year, but rather stated that: "All issues were presented in the context of Student's first-grade school year, from 2001-2002."  Id. at 2.

On administrative appeal, the AAO found that there was insufficient evidence in the record to support the IHO's finding that the Defendants had denied M.B. free appropriate public education from November 15, 2001, to December 15, 2001.  See Administrative Appeal Decision, Conclusions of Law ¶ 2, at 10.  The AAO went on to state that: "This record does not present a situation where the Parent was allowed to litigate the IHO's theory to the District's surprise.  Rather, it appears from this record that the particular relief granted by the IHO was not litigated at all."  Id., Discussion - FAPE Prior to January 2002, at 13.

The AAO's decision presents an unusual issue to this Court.  If the Court relies on the IHO's decision, it would appear that the Plaintiffs have exhausted their administrative remedies with respect to claims during the first half of the 2001-2002 school year.  If the Court relies on the AAO's decision, however, it appears that the Plaintiffs have not exhausted those remedies.  Based on this procedural posture, the Court cannot say that the Plaintiffs did not litigate the pre-January 2002 time period in the administrative proceedings.  One of the specific questions presented in this lawsuit on the merits is whether the AAO was correct in finding that those issues were not litigated before the IHO.  That question, however, is the subject of the Plaintiffs' second cause of action, and is not at issue in this motion.  The Court finds that the question of the AAO's correctness is separate from the issue of jurisdiction and declines to decide it in the context of the present motion.  The Court will

therefore deny the motion to dismiss all claims arising before January 2002.

**III.   THE PLAINTIFFS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES WITH RESPECT TO THEIR ADA AND § 504 CLAIMS.**

In their Complaint, the Plaintiffs allege, for the first time, that the Defendants discriminated against M.B. in the provision of educational and other required services in violation of her rights under the ADA and § 504.  <u>See</u> Complaint ¶¶ 76-88, at 15-18.  These claims are founded upon the same conduct, and the Court will therefore address these two claims together.  The Defendants claim that the Plaintiffs failed to exhaust their administrative remedies with respect to these claims and that they should be dismissed.

The Plaintiffs raise two alternative arguments with respect to these claims.  First, they claim that they seek relief unavailable under the IDEA and are therefore not required to exhaust administrative remedies.  Alternatively, they assert that, if the relief they seek is available under the IDEA, they urge the Court to find that they have exhausted their administrative remedies.  Because the Court has already found that the Plaintiffs must exhaust administrative remedies, it will address the second argument.

The Plaintiffs assert that, if they are required to exhaust their administrative remedies, they have done so.  It is undisputed that the Plaintiffs litigated some issues in the administrative proceedings below.  The primary issue was whether the Defendants denied M.B. a free appropriate public education.  The Court has already found that it has jurisdiction over claims related to the entire 2001-2002 school year.  The same conduct by the Defendants during that time period also forms the basis of the ADA and § 504 claims.  The question is whether the Defendants failed to develop an educational plan for M.B. that would allow her to receive educational services in the least restrictive

environment.  These facts were raised in the administrative proceedings.

The Defendants have not provided the Court with legal authority to support the argument that the Plaintiffs are required to specifically identify claims for ADA and § 504 violations during the administrative proceedings in order to exhaust administrative remedies as to those claims. Independently, the Court has not found any cases to support such an argument.  Moreover, there is Tenth Circuit law from which the Court could infer that such specificity is not required.  See Urban v. Jefferson County Sch. Dist. R-1, 89 F.3d at 724-25.  In Urban, the Tenth Circuit affirmed the district court's decision to dismiss two of the plaintiffs' eight claims for failure to exhaust administrative remedies.  See id. at 725.  The Tenth Circuit also affirmed the district court's decision to grant summary judgment to the school district on the plaintiffs' ADA claim.  See id. at 727-28. In its discussion of the administrative proceedings, the Tenth Circuit does not mention the ADA, but focused exclusively on the plaintiffs' allegations that the school district had failed to provide a free appropriate public education.  See id. at 723.  The Court believes it would promote form over substance to dismiss the Plaintiffs' claims under the ADA and § 504 merely because they failed to specifically identify those statutes during administrative proceedings.

The fact that the Plaintiffs now seek monetary damages in addition to educational services is irrelevant.  Monetary damages are generally not available in administrative hearings.  See Padilla v. School Dist. No. 1, 233 F.3d at 1274-75 ("That is not to say damages are unavailable under the IDEA.  We have not previously addressed that question and need not to resolve this case.  Our holding simply recognizes the fact that even if damages are available under the IDEA they should be awarded in civil actions, not in administrative hearings.").  The Plaintiffs are seeking new remedies for the same conduct litigated in the proceedings below.

The purposes of the exhaustion of remedies requirement would not be served by further administrative consideration of the Plaintiffs' ADA and § 504 claims.  The state agency had the opportunity to address the Defendant's conduct giving rise to those claims.  The Court does not see what more the Plaintiffs could do in administrative proceedings to exhaust these claims.  The Defendants have not presented the Court with evidence from which to infer that the outcome in the administrative proceedings below would have been different if the Plaintiffs had specifically mentioned claims under the ADA and § 504 or had sought different forms of relief based on the same conduct. The Court concludes that the Plaintiffs have properly exhausted the administrative process for their claims related to the 2001-2002 school year.  Thus, the Court will deny the motion to dismiss with respect to the Plaintiffs' ADA and § 504 claims related to the 2001-2002 school year.

**IT IS ORDERED THAT** the Defendants' Motion to Dismiss Certain Claims is granted in part and denied in part.  The Court will dismiss all claims with respect to the 2000-2001 school year without prejudice because the Plaintiffs have not exhausted their administrative remedies as to those claims.  The Court finds that the Plaintiffs have exhausted their administrative remedies as to all claims concerning the 2001-2002 school year.  The Court also finds that the Plaintiffs' claims under the ADA and § 504 of the Rehabilitation Act are properly before it and will deny the motion as to those claims related to the 2001-2002 school year.

_____
UNITED STATES DISTRICT JUDGE

-13-

Counsel:

Rachel Fetty
Sandra Gomez
Protection and Advocacy System
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*


Jacquelyn Archuleta-Staehlin
Cuddy, Kennedy, Albetta & Ives, LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants*