## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BARBARA BROWN, individually and
as parent of M.B., a minor, and M.B.,

       Plaintiffs,

                                  No. CIV 02-1305 JB/KBM
v.                                                  consolidated with
                                  No. CIV 03-0128 JB/KBM

The HOBBS MUNICIPAL SCHOOL DISTRICT,
the BOARD OF EDUCATION for the HOBBS
MUNICIPAL SCHOOL DISTRICT,
STAN ROUNDS in his official capacity as the
Superintendent of the Hobbs Municipal School
District and PEGGY APPLETON, individually
and in her official capacity as the Special Education
Director of the Hobbs Public Schools,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Compel, filed

September 19, 2003 (Doc. 34).  The primary issues are: (i) whether the Plaintiffs can secure

information outside the time frame considered in the administrative proceedings; and (ii) whether the

Court should overrule the Defendants' other objections and compel discovery within the appropriate

time frame.  Because the Court has ruled that the Plaintiffs' claims are limited to the time period

addressed in the administrative proceedings, the 2001-2002 school year, it will deny the motion with

respect to information from time periods before or after the 2001-2002 school year.  Because the

Court overrules the Defendants' other objections, it will grant the motion to compel with respect to

all discovery requests pertaining to the 2001-2002 school year.

## BACKGROUND

The Plaintiffs served their First Set of Interrogatories and Requests for Production to Defendants on July 29, 2003.  That same day, the Plaintiffs also served the Defendants with an Amendment to Plaintiffs' First Set of Interrogatories and Requests of Production.  The Defendants served a timely response on August 29, 2003.

Pursuant to rule 37(a)(2)(A) of the Federal Rules of Civil Procedure, the Plaintiffs conferred in good faith with the Defendants regarding their refusal to provide all of the requested information and/or documents.  As a result of that conference held on September 18, 2003, the Defendants agreed to supplement many of the answers and documents provided to the Plaintiffs.  The parties were unable to resolve their disputes regarding five categories of items.  The Plaintiffs move pursuant to rule 37(a) for an order compelling the Defendants to answer five interrogatories and to provide the documents that the Plaintiffs requested in three of the Plaintiffs' requests for production.

## LEGAL ANALYSIS

The information that the Plaintiffs seek is relevant to their claims and is reasonably calculated to lead to the discovery of admissible evidence, as rule 26(b)(1) of the Federal Rules of Civil Procedure requires.  The Defendants have not asserted that the discovery sought is unreasonably cumulative, duplicative, available from another source or that the Plaintiffs have had ample opportunity to discover the information sought.  The Defendants' primary objections are that the requests are overly broad, not calculated to lead to admissible evidence, and would violate other students' privacy rights.  The Court overrules these objections.  The Defendants can avoid violating other students' privacy rights by redacting any identifying information before production.  In accordance with its earlier ruling regarding exhaustion of administrative remedies, the Court will

grant the motion to compel with respect to the 2001-2002 school year and deny the motion with respect to the 2000-2001 school year.

I.   **INTERROGATORY NO. 1 AND ACCOMPANYING REQUEST FOR PRODUCTION NO. 1**

Interrogatory No. 1 requires the Defendants to:

List and describe in detail all behavior modification programs for elementary children implemented within the Hobbs Municipal School District between the 1999-2000 school year and the present[,] e.g., TABS. Describe educational, therapeutic or other grounds for each program and criteria used to determine which students qualify to participate in the program. Identify instructors and individuals that designed and implemented each program and their credentials.

The accompanying Request for Production No. 1 requires the Defendants to: "Provide copies of all documentation regarding the development, implementation and content of each program identified in Interrogatory No. 1 above, as well as any documents pertaining to staff training on the implementation of the above named programs."

The Plaintiffs request this information to establish a basis for comparison between M.B. and other children within the District. The Plaintiffs contend that they need this information to support their claims for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12213 and under § 504 of the Rehabilitation Act of 1973 ("§ 504"), 29 U.S.C. §§ 701 to 796. See Brown v. Hobbs Municipal School District, CIV-03-0128 RLP/WWD, Complaint, Third and Fourth Claims for Relief.

The Defendants' first objection to these discovery requests is that they seek information that is not relevant and not calculated to lead to the discovery of admissible evidence. The Defendants also contend that the information sought is outside the allowable time frame for the Plaintiffs' claims. The Defendants contend that the Plaintiffs's claims are restricted to the period of January 31, 2002

to May 30, 2002.  The Defendants contend that this narrow time frame is the only time frame for which the Plaintiffs sought relief through the administrative process.

Additionally, the Defendants contend that the Plaintiffs' requests are overly broad and burdensome because no single document contains the information sought.  Approximately 7,916 students attended school in the Hobbs Municipal School District between 1999-2000.  The District places 8-10% of them, and sometimes more, on behavior modification programs each day and for numerous and varying reasons.  The Defendants contend that requiring them to identify each and every one of them would be unduly burdensome and would infringe on the students' privacy in violation of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232, and 34 C.F.R. Part 99 ("FERPA"). The Defendants thus argue that the Court should not require them to respond to these requests.

Interrogatory 1 seeks information related to the services that the Defendants provided to children with behavioral issues.  It does not seek specific information with respect to individual children.  The Plaintiffs need this information to ascertain the general level of the Defendants' services to children with behavioral problems and the availability of specific programs to address their needs.  Such information is relevant to a determination whether the Defendants discriminated against M.B. in the provision of similar services.

This interrogatory does not seek specific information regarding each and every child with a Behavioral Improvement Plan ("BIP").  That limitation should allay the Defendants' concerns about the potential bulk of information.  And there is no requirement that plaintiffs must restrict their discovery requests to questions that a defendant can answer by referencing a single document.

Interrogatory 1 requests information from the 1999 -2000 school year to the present.  As the

Court determined in its earlier ruling, however, the Plaintiffs have exhausted their administrative remedies only with respect to the 2001-2002 school year. The Plaintiffs should be allowed to obtain information related to the Defendants' pattern of behavior in relation to children with behavioral problems during that time period.

The Court will grant the motion to compel Defendants' responses to Interrogatory No. 1 and accompanying Request for Production No. 1. If they have not yet done so, the Defendants shall produce the information that Interrogatory No. 1 requests and any documents responsive to Request for Production No. 1 within 21 days.

## II.   INTERROGATORY NO. 2 AND ACCOMPANYING REQUEST FOR PRODUCTION NO. 2

Interrogatory No. 2 provides:

> Identify the date the District became aware that M.B. had behavior concerns, including, but not limited to, inability to follow directions, disruptive behavior or aggression in the classroom setting. Describe any program, plan or other intervention used to address these behaviors in a classroom or alternative setting before M.B.'s identification as a child who qualifies for special education services under the IDEA. Describe therapeutic or educational justification for each of these efforts. Identify all staff persons responsible for designing or implementing each of these programs, plans or interventions.

The accompanying Request for Production No. 2 asks: "Please provide copies of all documentation regarding the development, implementation and content of each program, plan or intervention identified in Interrogatory No. 2 above, and all documentation regarding staff training on the implementation of these programs."

The Plaintiffs contend that the information and documents that they request are needed to clarify the Defendants' efforts to comply with the IDEA in the provision of services to M.B. The Plaintiffs also argue that this information is relevant to the Plaintiffs' claims regarding the denial of

appropriate educational services to M.B. under the IDEA, the ADA., and §504.  See Complaint, First, Third, and Fourth Claims for Relief.

The Defendants raise the same objections to these requests that they raised to Interrogatory and Request for Production No. 1.  Additionally, the Defendants point out that the Plaintiffs and counsel have been involved in the current matter since its inception in March 2002.  The Defendants contend that, as a result, the Defendants have provided the Plaintiffs with copies of all of M.B.'s educational records.  Also, Brown has been involved in the development of each of the educational programs.  Finally, the Defendants complain that the requests cover no specific time frame, and they fully disclosed any actions of the District during the period of January 31, 2002 to May 30, 2002.

While no discovery was permitted in the administrative hearing, it is true that the Plaintiffs have a wide assortment of documents pertaining to the case.  In requesting the information sought in Interrogatory 2, the Plaintiffs attempted to secure a cohesive description, from the Defendants' perspective, of the Defendants' efforts to provide M.B. with an appropriate education in the least restrictive environment.  The Plaintiffs seek this information to ensure that the Plaintiffs' records and information are complete, and to ensure that the Defendants will not surprise the Plaintiffs by introducing previously unreleased documents or with new testimony.

Subject to the time period limitation described in the Court's ruling on exhaustion of administrative remedies, the Court will grant the motion to compel responses to Interrogatory No. 2 and accompanying Request for Production No. 2.  The requests are straightforward and directed specifically at the Defendants' knowledge about the minor plaintiff.  The Defendants cannot reasonably assert that the Plaintiffs are precluded from discovery because the Defendants think that the Plaintiffs already know the answer.

III.     **INTERROGATORY NO. 11**

Interrogatory No. 11 (as amended) would require the Defendants to:

Please state whether the Hobbs Municipal School District has developed a behavioral modification program such as the one implemented for M.B. in October of 2001 for any other children in the District.  Identify and describe any similar behavior modification program: state the date such a behavior modification program was developed, the reason for the development of such a program, the age of any child involved, whether or not each child involved was or has been identified as a child with a disability and, if so, the disability of each child and identify the person or persons responsible for developing and implementing such a program.

The Plaintiffs request this information to support their claims under the ADA and § 504 that the Defendants isolated M.B. from her non-disabled peers in the provision of services, and forced her to participate in services that were punitive and harmful, while the Defendants did not force non-disabled children to participate in those services.  See Complaint, Third and Fourth Claims for Relief.

Again, the Defendants argue that the information which the Plaintiffs seek is outside the relevant time period, i.e., January 31, 2002 to May 30, 2002, and has no relevance to this case. Finally, the Defendants' primary objection is that the information which the Plaintiffs seek would personally identify children who are not parties to this proceeding, in violation of FERPA.  The Defendants contend that the Court should not require them to provide this information.

Interrogatory 11 requests information regarding whether the Defendants have created behavior modification programs for other children similar to the one the Defendants developed for M.B.  The Plaintiffs need this information to address their ADA and § 504 claims.  For example, the Plaintiffs need this information to assess the Defendants' level of experience in developing such programs and whether the Defendants discriminated against M.B.  If the Plaintiffs cannot access information related to the Defendants' treatment of other children, the Plaintiffs cannot determine

whether the behavior modification program developed in October of 2001 was common practice or a unique occurrence. The Plaintiffs have shown sensitivity of the privacy rights of the Defendants' students by not requesting information which would identify individual students. The Court will address the Defendants' concern by ordering that the Defendants redact all identifying information before disclosing the information to the Plaintiffs.[1]

Subject to the time period limitation described in the Court previous ruling on exhaustion of administrative remedies, the Court will grant the motion to compel an answer to Interrogatory No. 11. The interrogatory is not overly broad, and the Defendants can respond to the request without providing private information about other students. The Plaintiffs have agreed to accept redacted versions of the records requested. The Court overrules all other objections with respect to Interrogatory No. 11.

## IV.   INTERROGATORY NO. 14 AND ACCOMPANYING REQUEST FOR PRODUCTION NO. 14

Interrogatory No. 14 would require the Defendants to:

Identify every occasion between the 1999-2000 school year and the present on which the District suspended M.B., placed her in homebound or at any time excluded M.B. from the regular classroom. Detail the circumstances surrounding each incident, the duration of the ensuing suspension or other exclusion, the reason for each exclusion, efforts made by the District to avoid excluding M.B. from school and the staff members who participated in the determination to suspend or otherwise exclude M.B.

The accompanying Request for Production No. 14 states: "Provide all documentation related to each suspension, homebound placement or exclusion identified in Interrogatory No. 14 above."   The

---

[1] If the Defendants' redactions allowed by this Order make the information unusable or otherwise significantly reduce its usefulness, the Plaintiffs may, after good faith consultation with the Defendants, contact the Court's Courtroom Deputy, Ms. K'Aun Sanchez, to determine an efficient means for the Court to resolve any further dispute.

Plaintiffs contend that they need this information and these documents to address their claims regarding the denial of appropriate educational services under IDEA.  See Complaint, First Claim for Relief.  Additionally, they need this information to support their claims that the District discriminated against M.B. in violation of the ADA and § 504.  See Complaint, Third and Fourth Claims for Relief.

The Defendants contend that the information which the Plaintiffs seek is outside the time period of the Plaintiffs' claims.   The Defendants point out that Brown's complaint in the administrative hearing specifically sought return of M.B. to the classroom setting and a finding that placement in a homebound setting was a denial of a free appropriate public education.   The Defendants emphasize that this is the only claim that Brown asserted.  The Administrative Appeal Officer rejected that claim and determined that the District did not deny M.B. a free appropriate public education.  The Defendants argue that this information is not relevant and that the Court should not require them to produce this information.

Interrogatory 14 requests information related to the Defendants' exclusion of M.B. from the classroom environment.   This information is related to the Plaintiffs' discrimination claims.   The Plaintiffs state that they seek this information because the records that the Plaintiffs have of various suspensions or exclusions are unclear.   During the administrative hearing, testimony was given regarding various incidents of suspension. The Plaintiffs want to clarify these incidents to determine whether there was a discriminatory pattern and whether such actions were justified.

The Plaintiffs' request to discover the Defendants' pattern of behavior in relation to children with behavioral problems is reasonably tailored to produce admissible evidence.  Subject to the time period limitation described in the Court's ruling on exhaustion of administrative remedies, the Court will grant the motion to compel an answer to Interrogatory No. 14 and Request for Production No.

14. These requests are specific to the minor plaintiff and are not overly broad.

## V.   INTERROGATORY NO. 17

The information that the Plaintiffs seek in this Interrogatory addresses the Plaintiffs' claims regarding the nature of M.B.'s disability and the appropriateness of the Defendants' attempts to address M.B.'s behavioral problems. The Plaintiffs contend that they need this information to support their claims under the IDEA, the ADA, and § 504. See Complaint, First, Third, and Fourth Claims for Relief.

The Defendants did not address this portion of the motion to compel in their Response. Similarly, the Plaintiffs do not address this portion in their Reply. Because, however, the issues raised appear to be similar to those that No. 14 raises, and the Court has dealt with those issues above, the Court will grant the motion to compel as to Interrogatory No. 17. Moreover, the Court understands that the parties have reached an agreement that the Defendants will supplement their response to Interrogatory No. 17.

## VI.   THE COURT WILL AWARD THE PLAINTIFFS THEIR ATTORNEY'S FEES INCURRED IN FILING AND PREPARING THIS MOTION.

Rule 37(a)(4)(A) regarding motions to compel discovery provides:

> If the motion is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). The Court finds that the Plaintiffs made a good faith effort to resolve these discovery disputes with Defendants. The Defendants' objections were overly broad and, at least

in part, not substantially justified.  The Court has granted the Plaintiff's motion in substantial part.

The Court will award the Plaintiffs two-thirds of their reasonable expenses, including attorney's fees, incurred in filing and preparing this motion.  See D.J. Simmons, Inc. v. Broaddus, Civ. No. 99-1105 JP/LFG, Memorandum Opinion and Order at 16 (filed July 10, 2001, D.N.M.)(Garcia, M.J.)(granting motion to compel and awarding movant attorney's fees); Seeds v. Lucero, Civ. No. 00-1341 BB/LFG, Memorandum Opinion and Order at 22-23 (filed April 18, 2001, D.N.M.)(Garcia, M.J.)(same).  This award recognizes the rule that defendants should, as a rule, turn over information which may reasonably lead to the discovery of admissible evidence, even when they have legal arguments that may, at some point, make the requested information inadmissible.  Otherwise, every discovery motion becomes a prediction of how the Court will rule on substantive motions.  On the other hand, the Plaintiffs conceded in the briefing on the motion to dismiss that they were not pursuing claims with respect to the 2000-2001 school year.  See Plaintiffs' Response to Defendants' Motion to Dismiss Certain Claims at 10, filed November 20, 2003 (Doc. 53).  The Court's award takes into account both the liberal rules of discovery and the Plaintiffs' overbroad request.

**IT IS ORDERED** that the Plaintiffs' Motion to Compel is granted in part and denied in part. The Court overrules all objections for the time period of the 2001-2002 school year.  The Court sustains the objection based on the Plaintiffs' failure to exhaust administrative remedies with respect to time periods other than the 2001-2002 school year.  Subject to this time limitation, the Defendants are required to respond to Interrogatory Nos. 1, 2, 11, 14, and 17, and to Requests for Production Nos. 1, 2, and 14.  If the Defendants have not yet made such disclosures, they are ordered to do so within 21 days.  The Defendants shall pay the Plaintiffs' reasonable expenses, including attorneys'

fees,  associated with the preparing and filing their Motion to Compel.


UNITED STATES DISTRICT JUDGE

Counsel:

Rachel Fetty
Sandra Gomez
Protection and Advocacy System
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*


Jacquelyn Archuleta-Staehlin
Patricia Salazar Ives
Cuddy, Kennedy, Albetta & Ives, LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants*